**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARNOLD REEVES, | : | |
| | | Civil Action No. 09-6351 (JBS) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**APPEARANCES:**

Arnold Reeves, Pro Se
#38595-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

**SIMANDLE**, District Judge

    Petitioner, Arnold Reeves, was a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey, at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Because it appears from a review of the petition that this Court lacks jurisdiction to consider this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition without prejudice. See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

    According to the allegations of the petition and previous dockets from Petitioner's prior civil and criminal cases, on

April 17, 2000, Petitioner was sentenced by the United States District Court, Southern District of New York, to 240 months imprisonment for drug offenses.  He appealed the conviction and sentence, and the United States Court of Appeals for the Second Circuit affirmed the judgment on August 13, 2002.  See United States v. Reeves, 96-cr-325-LAP (S.D.N.Y.).

On November 21, 2002, Petitioner filed a motion pursuant to 28 U.S.C. § 2255.  The Southern District of New York denied the motion on December 2, 2005.  The Court of Appeals for the Second Circuit dismissed Petitioner's appeal on September 4, 2007.  See Reeves v. United States, 02-cv-9309-LAP (S.D.N.Y.).

On December 17, 2009, Petitioner filed, in this Court, a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Petitioner argues that his sentence should be vacated based on Double Jeopardy concerns, because the government breached the plea agreement, and because he had ineffective assistance of counsel.  This Court notes that these arguments were raised before the sentencing court on Petitioner's § 2255 motion.  See United States v. Reeves, 96-cr-325-LAP (S.D.N.Y.) (docket entry 107).

## DISCUSSION

**A.   Jurisdiction**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble,

429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

   Section 2241 of Title 28 of the United States Code provides in relevant part:

>   (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

   "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent'

to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

In this case, although Petitioner filed his case as a petition for habeas relief pursuant to § 2241, it is clear that his argument that his conviction was unconstitutional has its jurisdictional basis under § 2255.  As Petitioner's sentencing court was the United States District Court for the Southern District of New York, any § 2255 motion must be brought before that Court.[1]

This Court notes that Petitioner does not allege that despite the fact that he has filed a previous § 2255 motion, he is "actually innocent" and relief under § 2255 now is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).[2]  Nor does Petitioner allege that the crime for which he

---

[1]  A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f).  Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law.  See 28 U.S.C. § 2255(h).

[2]  Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test

was convicted is now "non-criminal," or that he is "actually innocence" based on a new and retroactive rule of constitutional law or newly discovered facts.  To the contrary, Petitioner clearly seeks to challenge his sentence which he had the opportunity to do during his direct appeal and previous § 2255 motion.

   Thus, this petition must be construed as a second or successive § 2255 motion, which the Court of Appeals for the Second Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction.[3]  See 28 U.S.C. § 2255.

---

the legality of [Petitioner's] detention."  28 U.S.C. § 2255(e).
In Dorsainvil, the Court of Appeals for the Third Circuit held
that the remedy provided by § 2255 is "inadequate or
ineffective," permitting resort to § 2241 (a statute without
timeliness or successive petition limitations), where a prisoner
who previously had filed a § 2255 motion on other grounds "had no
earlier opportunity to challenge his conviction for a crime that
an intervening change in substantive law may negate."  119 F.3d
at 251.  The court emphasized, however, that its holding was not
intended to suggest that § 2255 would be considered "inadequate
or ineffective" merely because a petitioner is unable to meet the
stringent gatekeeping requirements of § 2255.  See id.  To the
contrary, the court was persuaded that § 2255 was "inadequate or
ineffective" in the unusual circumstances presented in Dorsainvil
because it would have been a complete miscarriage of justice to
confine a prisoner for conduct that, based upon an intervening
interpretation of the statute of conviction by the United States
Supreme Court, may not have been criminal conduct at all.  See
id. at 251-52; see also Cradle v. U.S. ex rel. Miner, 290 F.3d
536, 538 (3d Cir. 2002)(resort to § 2241 proper "only where the
petitioner demonstrates that some limitation of scope or
procedure would prevent a § 2255 proceeding from affording him a
full hearing and adjudication of his wrongful detention claim").

   [3] Although this Court is reclassifying the petition as a
§ 2255 motion, no Miller notice and order is necessary to afford

6

**B.**      **<u>Transfer</u>**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because Petitioner has filed a previous § 2255 case which appears to raise the same issues which have been reviewed by the Second Circuit, it does not appear that transfer would be in the interest of justice. Accordingly, the petition will be dismissed without prejudice for lack of jurisdiction. Petitioner may file for certification in the Court of Appeals for the Second Circuit for permission to file another § 2255 motion in the Southern District of New York, if he so chooses.

---

Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the <u>Miller</u> court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner in this case has already filed § 2255 motions which were addressed by the sentencing court, and because the current petition is itself "second or successive," no purpose would be served by a <u>Miller</u> notice.

**CONCLUSION**

For the reasons set forth above, this action will be dismissed without prejudice.  An appropriate order follows.

                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   United States District Judge

Dated: **July 6, 2010**